### A. T. FOSTER ET AL v. THE STATE.

#### No. 1529. Decided November 24, 1897.

**Appearance Recognizance—Recitation of the Offense when Indictment Contains More than One Count.**

When the indictment contained counts for theft and also for receiving and concealing stolen property, and the recognizance entered into for defendant's appearance to answer the charge against him recited the offense as "theft of hogs," Held, the recognizance was sufficient. While the statute, article 308, Code of Criminal Procedure, requires that the offense charged shall be set out in the obligation, it has never been held requisite that all the offenses set out in the different counts should be recited. The rule would be different as to a recognizance on appeal, where the statute requires that the obligation must state the offense of which defendant has been convicted. [But see, as to this last proposition, the new Form prescribed by Act of Twenty-fifth Legislature, amending article 887.—Reporter.]

APPEAL from the District Court of Harrison. Tried below before Hon. W. J. GRAHAM.

Appeal from a judgment final on a forfeited recognizance.

One Til Bowie stood charged by indictment, in the District Court, the indictment containing two counts for the theft of hogs, and two counts for knowingly receiving and fraudulently concealing hogs. He entered into a recognizance for his appearance to answer the indictment. The recognizance was in the sum of $300, and was conditioned upon his appearance to answer to an indictment charging him with the offense of theft of hogs. William Umdenstock and A. T. Foster, appellants in this case, were his sureties upon said recognizance. Bowie, the principal, failing to appear as he was bound in said recognizance, it was duly forfeited with judgment nisi against the sureties. On the scire facias trial, defendant, among other things, excepted to the recognizance, because it did not state the offense with which the defendant Til Bowie

was charged in the indictment, the indictment charging both theft and the receiving stolen property, and the recognizance simply stating a charge for theft of hogs, without mentioning the offense of *receiving stolen property*, as also charged. This exception was overruled by the court.

Defendants also objected to the admission of the recognizance in evidence for the same reasons, and reserved their bill of exceptions to its being admitted in evidence.

*Charles E. Carter*, for appellant.—The court erred in admitting the recognizance sued on in evidence, over defendant's objection, because it did not state the offense of which the principal was charged in the indictment. When a recognizance is taken after indictment found it must state the name or describe the very offense charged in the indictment, and if it fails to do so it is fatally defective. Code Crim. Proc., art. 308 [287], subdiv. 2; Douglas v. State, 9 S. W. Rep., 733; McAdams v. State, 10 Texas Crim. App., 317; Keppler v. State, 14 Texas Crim App., 173.

*John B. Carter*, District Attorney, and *Mann Trice*, Assistant Attorney-General, for the State.—There exists a wide difference between recognizances for the personal appearance of a defendant before the trial court, and the recognizance a defendant is required to give on his appeal from a conviction for a misdemeanor. In the latter case, it would seem to have been held that the recognizance must state all that is charged against him in the indictment, and further recite the offense of which he was convicted. Smith v. State, 33 S. W. Rep., 1079. But under the numerous decisions of the court it has also been held, that sureties will not be permitted to question the sufficiency of the indictment. Langan v. State, 27 Texas Crim. App., 498. Article 308, Code of Criminal Procedure, prescribes the requisites of a recognizance and bail bond. It requires that the name of the offense with which the principal is charged shall be stated, and that the offense stated shall be an offense against the laws of the State. Tested by said article, the recognizance in this case has fulfilled its requirements, by naming an offense, which is charged in the indictment, and the offense so named is an offense against the law.

DAVIDSON, JUDGE.—This appeal is prosecuted from a judgment final on a forfeited recognizance.

Appellants were sureties in a recognizance for the appearance before the District Court of Harrison County of one Bowie, arrested under an indictment wherein said principal was charged with the theft of hogs from Sanders in the first count, from Livingstone in the second count, and in four additional counts with receiving and concealing said property knowing the same to have been stolen. Their contention is that the forfeiture could not be taken legally because the recognizance failed to recite the offense of which the principal stood charged in said indictment. Said obligation recited that the offense charged was "theft of hogs," and

it is contended that, as he stood charged as well with receiving and concealing stolen property, that offense should therefore have been also recited in the recognizance.

While it may be permissible to recite both offenses, still it does not destroy the legal efficacy of the bond that only one of said offenses is recited. The statute requires (article 308, Code of Criminal Procedure 1895) that the offense of which the principal stands charged shall be set out in the bond. This was done, for the principal was charged in two counts with "theft of hogs" from different owners. We are cited to authorities to sustain the proposition asserted by appellants, but upon an examination of them we do not think they are in point, and, if they were, would be erroneous. While it was suggested in one of the cases that it would be a commendable practice to insert offenses contained in the different counts of the indictment in the bail bond or recognizance, yet this court has never held that it was essential to the validity of the bond that these different offenses should all be recited in said bail obligation. We are cited further to some cases where appeals have been dismissed in this court because the recognizance given to perfect the appeal did not recite the offense of which the appellant was convicted in the trial court. In Smith v. State (Texas Criminal Appeals), 33 Southwestern Reporter, 1079, the information charged, in the first count, theft; in the second, receiving and concealing stolen property. Defendant was convicted under the second count, and the recognizance on appeal recited that he was convicted of theft. That appeal was dismissed because of this variance in the recognizance. This decision is unquestionably correct, because the recognizance must recite the offense of which the accused was convicted; and in said case he was convicted, not of theft, but of receiving and concealing stolen property. Suppose that in said case appellant had been convicted generally under a charge submitting both issues to the jury, and the recognizance had then recited that he was convicted of theft, it would hardly be denied that the recognizance would be sufficient, because the conviction would be referred to either count.

There was an exception reserved to the action of the court in admitting the bond in evidence on the trial. The objection is based upon the same proposition that the bond does not recite the offense of which the principal stood charged. The bond did recite an offense of which the appellant was charged, and we think it was sufficient in reciting one of said offenses, and that it was not necessary to recite all of them.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*